

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-21-2007

# Hoover v. Beard

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3796

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Hoover v. Beard" (2007). *2007 Decisions*. Paper 398.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/398

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————————

No. 06-3796

—————————

THERESA HOOVER,
                                        Appellant
                        vs.

JEFFREY A. BEARD, Secretary of Pennsylvania Department of Corrections;  DENNIS
R. ERHARD, Regional Deputy Secretary, Bureau of Inmate Services; DONALD
VAUGHN, Superintendent; BUZZARD, Mayor; SMITH, Captain; RAYMOND
KNAUER, Lieutenant; FRAZELL, Lieutenant; PALETE, Corrections Officer; MORO,
Corrections Officer; JOHN DOE, Corrections Officer; JULIE KNAUER, Director of
Nursing

—————————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 03-cv-01529 )
District Judge:  Honorable Mary A. McLaughlin

—————————

Submitted Under Third Circuit L.A.R. 34.1(a)
September 18, 2007
Before:  SLOVITER, SMITH and WEIS, Circuit Judges.
(Filed:  September 21, 2007)

—————————

OPINION

—————————

WEIS, Circuit Judge.

        Appellant Theresa Hoover, a nurse at the Pennsylvania State Correctional

1

Institution at Graterford ("SCI-Graterford"), was assaulted by an inmate who had previously sexually harassed her while she was working in the prison's Restricted Housing Unit ("RHU"). She brought this suit under 42 U.S.C. § 1983, asserting a state-created danger theory against Julie Knauer, the supervisor who assigned her to the RHU.[1] Because Knauer did not engage in conscience shocking behavior that would give rise to a state-created danger claim, we will affirm the judgment in her favor.

Hoover worked as a nurse at SCI-Graterford beginning in 2000. In August 2001, Irwin Brentley, an inmate, began sexually harassing her. After Hoover reported the inmate for misconduct, prison officials moved him to the RHU.

The inmate continued to harass and threaten Hoover. In October, she reported an incident to the head of internal security, who said that he would put in a separation request. The inmate was moved to a more restrictive block of the RHU after a November 19 incident when he again threatened Hoover.

Plaintiff continued to work in the RHU delivering medications every other weekend. She did not ask to be removed from that assignment. The prison submitted a request for a separation order on November 21 and it was approved on November 26. Neither Hoover nor any prison officials knew that the request had been approved before Hoover was assaulted. Nor is there evidence in the record that Hoover or the prison

---

[1] Hoover initially sued several other individuals associated with the Department of Corrections. The District Court granted summary judgment in favor of all of the defendants, but Hoover only appeals the grant of summary judgment in favor of Knauer.

2

officials inquired about the status of the request prior to the assault.

On December 16, 2001, Hoover was assigned to work both her regular shift and an overtime shift in the general population blocks. Toward the end of the first shift, the nurse who had been assigned to cover the RHU during the second shift called in sick and defendant, Julie Knauer, instructed Hoover's supervisor to assign Hoover to cover the shift.

While covering the RHU shift, plaintiff encountered Brentley as he was being escorted to his cell in handcuffs by corrections officers. Brentley managed to break free from the officers and charged at Hoover and struck her several times before the officers were able to subdue him. This attack left Hoover with several minor injuries, the most severe of which was a laceration behind her ear that required nine stitches.

To establish a claim under the "state-created danger" doctrine, a plaintiff must show, *inter alia*, that "a state actor acted with a degree of culpability that shocks the conscience." Bright v. Westmoreland County, 443 F.3d 276, 281 (3d Cir. 2006) (citations omitted). See also Bennett v. City of Philadelphia, ____ F.3d ____, 2007 WL 2377601, at *5 (3d Cir. 2007). Whether a state actor's behavior shocks the conscience "will depend upon the circumstances of each case, particularly the extent to which deliberation is possible." Sanford v. Stiles, 456 F.3d 298, 310 (3d Cir. 2006).

In "hyperpressurized" environments, "an intent to cause harm is usually

required." Id. at 309. In cases, however, where "deliberation is possible and officials have the time to make 'unhurried judgments,' deliberate indifference is sufficient" to show conscience shocking behavior. Id. In between these two extremes, there are cases in which a state actor is confronted with making "something less urgent than a 'split-second' decision but more urgent than an 'unhurried judgment.'" Id. at 310. In such circumstances where a state actor must act with "hurried deliberation" to reach a decision in "a matter of hours or minutes," a plaintiff must show that a defendant "consciously disregarded a great risk of harm." Id. The District Court appropriately applied this standard here, where Knauer had to act within a matter of hours to fill the position in the RHU.

Even if the appropriate standard here was deliberate indifference, the District Court was correct in granting summary judgment in favor of Knauer. Hoover was assigned to a cell block where she had a regular shift every other weekend. She did not object to the assignment at issue here and stated that she thought the cell block was secure. Thus, plaintiff has not shown that the defendant's actions shocked the conscience.

Accordingly, we will affirm the judgment of the District Court.